IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALEJANDRO ABRAHAM LOPEZ, SR.

    Plaintiff,

v.                                              Civil Action No. 1:12-cv-01325-LO-JFA

TRANS UNION, LLC, et al.,

    Defendants.

## **DEFENDANT CORELOGIC CREDCO's ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 8(b), Defendant CoreLogic Credco, LLC ("Credco"), responds to the Plaintiff's Complaint in this matter as follows:

### PRELIMINARY STATEMENT

1. Credco admits that Plaintiff's description of this action in Paragraph 1 of the Complaint fairly describes the remaining allegations in the Complaint. Credco denies that it is liable to Plaintiff for actual, statutory, and/or punitive damages, and/or costs and attorney's fees.

### JURISDICTION

2. Credco admits that this Court has jurisdiction and that venue is proper in this Court's judicial district. Credco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint.

### PARTIES

3. Admitted.

4. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint.

5. Admitted.

6. Admitted.

7. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Admitted.

12. Admitted.

13. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Admitted.

16. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

# FACTS

20. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first iteration of Paragraph 22 of the Complaint.

22. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second iteration of Paragraph 22 of the Complaint.

23. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint

26. Credco denies the allegation that it did not have a lawful purpose to obtain and use the Plaintiff's consumer reports. Credco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Complaint.

27. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

28. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

## COUNT ONE

31. Credco reiterates and incorporates its answers as set forth in Paragraphs 1 – 30 above as if the same were set forth here in full.

32. Credco denies that it violated the FCRA. Credco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations (regarding other parties) in Paragraph 32 of the Complaint.

33. Credco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Credco denies that it acted willfully or negligently such that it could be liable to Plaintiff for statutory and/or punitive damages under the FCRA. Credco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations (regarding other parties) in Paragraph 34 of the Complaint.

35. Credco denies that Plaintiff is entitled to recover any damages from it. Credco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations (regarding other parties) in Paragraph 35 of the Complaint.

## COUNTS TWO –ELEVEN

36.-115. The allegations set forth in Paragraphs 36 – 115 of the Plaintiff's Complaint pertain to parties other than Credco and do not require a response from Credco. To the extent that the Court deems that any or all of these allegations require a response from

Credco, Credco states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 36-115 of the Complaint.

**AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), Defendant CoreLogic Credco, LLC ("Credco") has undertaken in good faith to list all of the affirmative defenses that it may have with respect to the allegations raised by Plaintiff's Complaint in this civil action. However, Credco reserves the right to amend, supplement, restate and/or withdraw any of its affirmative defenses or to assert additional defenses with regard to Plaintiff's allegations. Furthermore, by characterizing the following as defenses, Credco does not admit that it bears the burden of proof on any of the issues raised by the following defenses.

Subject to and without waiving any of the foregoing, Credco identifies the following affirmative defenses upon which it may rely:

I. Plaintiff is responsible, in whole or in part, for the damages that Plaintiff alleges to have incurred.

II. Credco's co-Defendants are responsible, in whole or in part, for the damages that Plaintiff alleges to have incurred.

III. Parties not named in Plaintiff's Complaint are responsible, in whole or in part, for the damages that Plaintiff alleges to have incurred.

IV. Credco had a permissible purpose under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, for obtaining a copy of Plaintiff's consumer report, such that Plaintiff's Complaint fails to state a claim against Credco for which relief may be granted.

V. Credco's actions with respect to Plaintiff were neither negligent nor willful, but were reasonable and were undertaken in full compliance with all applicable laws.

VI. Plaintiff's claims against Credco are barred because Plaintiff, by his actions, consented to Credco's actions.

VII. Credco denies any liability for punitive damages, and hereby preserves all due process arguments in opposition to imposition of the same under the United States Constitution.

PICADIO SNEATH MILLER & NORTON, P.C.

By  /s/ Jason A. Spak
    Jason A. Spak, Esquire
    Pa. I.D. No. 89077 (admission *pro hac vice* to be requested)
    Four Gateway Center
    444 Liberty Avenue, Suite 1105
    Pittsburgh, PA  15222
    Telephone:  (412) 288-4385
    Facsimile:   (412) 288-2405
    jspak@psmn.com

By  /s/ Daniel D. Mauler
    Daniel D. Mauler (VSB # 73190)
    REDMON, PEYTON & BRASWELL, LLP
    510 King Street, Suite 301
    Alexandria, VA  22314
    Telephone:  (703) 684-2000
    Facsimile:   (703) 684-5109
    dmauler@rpb-law.com
    *(Counsel for Defendant CoreLogic Credco)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing CORELOGIC CREDCO'S ANSWER TO PLAINTIFF'S COMPLAINT was electronically filed and is available for viewing and downloading from the ECF system, and it was sent to all counsel of record this 4th day of January, 2013, via electronic service, including the following counsel:

| Leonard Anthony Bennett, Esquire<br>Susan Rotkis, Esq.<br>Consumer Litigation Associates<br>763 J Clyde Morris Boulevard, Suite 1A<br>Newport News, VA  23601<br>*(Counsel for Plaintiff)* | Kristi Cahoon Kelly, Esquire<br>Surovell Isaacs Peterson & Levy PLC<br>4010 University Dr., Suite 200<br>Fairfax, VA  22030<br>*(Counsel for Plaintiff)* |
|---|---|

                                         /s/
                         Daniel D. Mauler (VSB # 73190)
                         Email: dmauler@rpb-law.com
                         REDMON, PEYTON & BRASWELL, LLP
                         510 King Street, Suite 301
                         Alexandria, V.A.  22314
                         (703) 684-2000
                         (703)684-5109 (fax)
                         *Counsel for Defendant CoreLogic Credco*