**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ALEJANDRO LOPEZ, SR.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:12-cv-1325-LO-JFA** |
| **TRANS UNION, LLC,** *et al.* | |
| **Defendants.** | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that Alejandro Lopez, Sr. ("Plaintiff") purports to bring this lawsuit under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq.* Except as specifically admitted, Experian denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION

2.        In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and alleged that venue is proper. Experian states that these are legal conclusions, which are not subject to denial or admission.

## PARTIES

3.        In response to paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person.  The remaining allegations contained in paragraph 3 are legal conclusions, which are not subject to denial or admission.

4-6.        Paragraphs 4-6 of the Complaint pertain to another defendant.  Accordingly Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of those allegations and therefore denies the same.

7.        In response to paragraph 7 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.

8.        In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency, as defined by 15 U.S.C. § 1681(f).  Experian also admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and disbursing consumer reports (as that term is defined in 15 U.S.C. § 1681(d)) to third parties.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9.        Experian admits the allegations contained in paragraph 9 of the Complaint.

10-19.        Paragraphs 10-19 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 10-19 of the Complaint and therefore denies the same.

## FACTS ALLEGED

20.        Experian admits that on or about February 1, 2012, Experian sent Plaintiff a copy of his Consumer Disclosure.   Experian denies the remaining allegations contained in paragraph 20 of the Complaint.

21-22[1].        Paragraphs 21-22 of the Complaint pertain to other defendants.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein and therefore denies the same.

22.        Experian admits that on or about February 7, 2012, Experian received a letter purportedly from Plaintiff in which he disputed two GECRB accounts.   Experian also admits that as a result of, in part, ACDV responses from the furnishers, it deleted one GECRB account and modified the other account (which remained on Plaintiff's credit report).   Experian denies any remaining allegations contained in paragraph 22 of the Complaint.

23-24.        Paragraphs 23-24 of the Complaint pertain to other defendants.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein and therefore denies the same.

25.        Experian denies that it received any dispute letter from Plaintiff on or about June 7, 2012.   Experian admits that on or about August 3, 2012, Experian received a letter purportedly from Plaintiff that was dated June 7, 2012, and that dispute letter referred to his February 1, 2012, dispute letter.   Experian also admits that on or about August 30, 2012, it forwarded the results of its reinvestigation to Plaintiff, stating that the disputed account would remain on his credit report.   Experian denies any remaining allegations contained in paragraph 25 of the Complaint.

---

[1] The Complaint contains two paragraphs numbered 22.

26-27.        Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 26-27 of the Complaint and therefore denies the same.

28-29.        Experian denies the allegations contained in paragraphs 28-29 of the Complaint that relate to Experian.

30.        The allegations contained in paragraph 30 of the Complaint refer to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained therein, and therefore denies the same.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §1681b(f)
(GECRB, Credco, United One, LexisNexis, Unitrin and Sterling)**

31.        Experian incorporates its responses to the allegations contained in paragraphs 1-30 as if fully set forth herein.

32-35.        Paragraphs 32-35 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 32-35 of the Complaint and therefore denies the same.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. §1681b
(Trans Union, Experian and Equifax)**

36.        Experian incorporates its responses to the allegations contained in paragraphs 1-35  as if fully set forth herein.

37.        Experian denies the allegations contained in paragraph 37 of the Complaint.

38.        Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 38 of the Complaint.

39.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 39 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 39 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 39 of the Complaint. Experian further denies the remaining allegations in paragraph 39 of the Complaint.

40.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 40 of the Complaint.

**COUNT THREE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(a)**
**(Trans Union, Experian and Equifax)**

41.     Experian incorporates its responses to the allegations contained in paragraphs 1-40 as if fully set forth herein.

42.     Experian denies the allegations contained in paragraph 42 of the Complaint

43.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 43 of the Complaint.

44.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 44 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 44 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 44 of the Complaint. Experian further denies the remaining allegations in paragraph 44 of the Complaint.

45.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 45 of the Complaint.

**COUNT FOUR – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(b)**
**(Trans Union, Experian and Equifax)**

46.     Experian incorporates its responses to the allegations contained in paragraphs 1-45 as if fully set forth herein.

47.     Experian denies the allegations contained in paragraph 47 of the Complaint.

48.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 48 of the Complaint.

49.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 49 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 49 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 49 of the Complaint. Experian further denies the remaining allegations in paragraph 49 of the Complaint.

50.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 50 of the Complaint.

**COUNT FIVE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(1)**
**(Trans Union, Experian and Equifax)**

51.     Experian incorporates its responses to the allegations contained in paragraphs 1-50 as if fully set forth herein.

52.     Experian denies the allegations contained in paragraph 52 of the Complaint.

53.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 53 of the Complaint.

54.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 54 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in

paragraph 54 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 54 of the Complaint. Experian further denies the remaining allegations in paragraph 54 of the Complaint.

55.       Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 55 of the Complaint.

## COUNT SIX – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(2)
## (Trans Union, Experian and Equifax)

56.       Experian incorporates its responses to the allegations contained in paragraphs 1-55 as if fully set forth herein.

57.       Experian denies the allegations contained in paragraph 57 of the Complaint.

58.       Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 58 of the Complaint.

59.       Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 59 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 59 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 59 of the Complaint. Experian further denies the remaining allegations in paragraph 59 of the Complaint.

60.       Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 60 of the Complaint.

## COUNTS SEVEN – VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (Trans Union, Experian and Equifax)

61.       Experian incorporates its responses to the allegations contained in paragraphs 1-60 as if fully set forth herein.

62.      Experian denies the allegations contained in paragraph 62 of the Complaint.

63.      Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 63 of the Complaint.

64.      Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 64 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 64 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 64 of the Complaint. Experian further denies the remaining allegations in paragraph 64 of the Complaint.

65.      Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 65 of the Complaint.

### COUNT EIGHT – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681(a)(5)(A)
### (Trans Union, Experian and Equifax)

66.      Experian incorporates its responses to the allegations contained in paragraphs 1-65 as if fully set forth herein.

67.      Experian denies the allegations contained in paragraph 67 of the Complaint.

68.      Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 68 of the Complaint.

69.      Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 69 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 69 of the Complaint.  Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 69 of the Complaint. Experian further denies the remaining allegations in paragraph 69 of the Complaint.

70.       Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 70 of the Complaint.

### COUNT NINE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)
### (GECRB/Brand Smart and Ally)

71.       Experian incorporates its responses to the allegations contained in paragraphs 1-70 as if fully set forth herein.

72-93.    Paragraphs 72-93 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 72-93 of the Complaint and therefore denies the same.

### COUNT TEN – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)
### (GECRB and Ally)

94.       Experian incorporates its responses to the allegations contained in paragraphs 1-70 as if fully set forth herein.

94-101.   Paragraphs 94-101 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 94-101 of the Complaint and therefore denies the same.

### COUNT ELEVEN – VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(C) and (D)
### (GECRB and Ally)

102.      Experian incorporates its responses to the allegations contained in paragraphs 1-70 as if fully set forth herein.

103-115.  Paragraphs 103-115 of the Complaint pertain to other defendants. Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth

or falsity of the allegations in paragraphs 103-115 of the Complaint and therefore denies the same.

116.    Experian denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph or any relief whatsoever against Experian.

117.    Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## FIFTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681(p) or by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and alleges thereon that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, Experian Information Solutions, Inc., prays as follows:

(1)      That Plaintiff take nothing by virtue of the Complaint herein and that this

action be dismissed in its entirety;

(2)      That Experian be dismissed as a party to this action

(3)      For costs of suit and attorneys' fees herein incurred; and

(4)      For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By: /s/ David N. Anthony
      David N. Anthony
      Virginia State Bar No. 31696
      *Counsel for Experian Information Solutions, Inc.*
      TROUTMAN SANDERS LLP
      1001 Haxall Point
      Richmond, Virginia  23219
      Telephone:  804-697-5410
      Facsimile:  804-697-5118
      Email: david.anthony@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: (757) 930-3662
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
Email: kkelly@siplfirm.com
*Counsel for Plaintiff*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA 23230
Telephone: 804-355-8744
Facsimile: 804-355-8748
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, LLC*

Ethan G. Ostroff
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
Email: ethan.ostroff@troutmansanders.com
*Counsel for Ally Financial, Inc.*
*formerly known as GMAC Financial Service*

John C. Lynch
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
Telephone: 757-687-7765
Facsimile: 757-687-1504
Email: john.lynch@troutmansanders.com
*Counsel for Ally Financial, Inc.*
*formerly known as GMAC Financial Service*

Daniel Duane Mauler
Redmon Peyton & Braswell LLP
510 King St., Suite 301
Alexandria, VA 22314
Telephone: 703-684-2000
Facsimile: 703-684-5109
Email: dmauler@rpb-law.com
*Counsel for CoreLogic Credco*

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  804-697-5410
Facsimile:  804-697-5118
Email: david.anthony@troutmansanders.com