IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALEJANDRO ABRAHAM LOPEZ, JR.,

                              Plaintiff,

          v.                                Civil Action No. 1:12-cv-902 (LO/JFA)

TRANS UNION, LLC, *et al.*,

                              Defendants.

---

ALEJANDRO LOPEZ, SR.,

                              Plaintiff,

          v.                                Civil Action No. 1:12-cv-1325 (LO/JFA)

TRANS UNION, LLC, *et al.*,

                              Defendants.

## PLAINTIFFS' MEMORANDUM IN
## SUPPORT OF CONSENT MOTION TO CONSOLIDATE

       Plaintiffs in each of the above-styled cases move the court under Federal Rules of Civil

Procedure 42(a) for entry of an order consolidating these cases for the purposes of (1) pre-trial

management and discovery and (2) for all other purposes, including trial, and (3) order that the

Consolidated Amended Complaint be filed as the operative complaint. The Plaintiffs each state

the same or similar causes of action against one common defendant, Trans Union, LLC. The

Plaintiffs desire the cases to proceed in litigation jointly because it will serve the interest of

judicial economy, it will avoid the risk of inconsistent adjudications, reduce the burden and cost

to the parties, witnesses and the judicial system. The motion for consolidation also meets the

requirements of Rule 42(a) because it involves common questions of law and fact.

## Background

Both of the above-captioned cases were filed in the United States District Court of the Eastern District of Virginia, alleging various violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Both actions were brought based on materially identical facts against four common defendants, namely the "Big 3" consumer reporting agencies – Trans Union, Equifax, and Experian – and Corelogic Credco. Other than these four defendants, the original action filed by Plaintiff Alejandro Lopez, Jr. ("Lopez, Jr.") on August 14, 2012, asserted claims against eleven additional defendants not named in the action filed by Plaintiff Alejandro Lopez, Sr. ("Lopez, Sr."). On the other hand, the action filed by Lopez, Sr. on November 19, 2012, asserted claims against six defendants not involved in Lopez, Jr.'s case.

In the past several months, the Plaintiffs have dismissed their claims against every defendant in their lawsuits except one – Trans Union -- who appears to be the cause of the Plaintiffs' mixed files. The uncommon defendants were dismissed based on declarations from their employees, which indicated that they erroneously received credit information regarding Lopez, Jr. when requesting the information of Lopez, Sr., or vice versa. Now just a single defendant remains and judicial economy is best served by consolidating Plaintiffs' cases, which involve common questions of law and fact.[1]

## Standard of Review

Under Fed. R. Civ. P. 42(a)(2), a court may order consolidation of cases where they involve a common question of law or fact.  In addition to consolidation, it is within the court's discretion to join for a hearing or trial of any or all the matters at issue or issue any other order to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a)(1)&(3).  In order to determine whether

---

[1] A dismissal order for Experian has already been submitted to the court for entry.

consolidation is proper, the court determines whether "the specific risk of prejudice and possible confusion [resulting from consolidation are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *accord In re Microstrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 431 (E.D.Va. 2000); *Federico v. Lincoln Militarty Hous.*, 2012 U.S. Dist. LEXIS 144013 (E.D. Va. Sept. 3, 2012).

There is no requirement that there be identity of all claims, facts, parties or legal questions, only that there is one common question of law or fact, that consolidation will serve the purpose of judicial economy, and that the risk of unfair prejudice and confusion is outweighed by the risk of inconsistent outcomes. *See Huff v. S.W. Reg'l Jail Auth.*, Civ. No. 1:08cv41, 2009 WL 94625, at *1 (W.D. Va. Jan. 14, 2009)(discussing civil rights cases on Rule 42 consolidation).

The overarching factual and legal issues are the same in each case herein. The facts barely differ among these two cases and the legal claims and defenses are identical. In regards to the facts, Plaintiffs' cases are so intertwined that almost every operative fact regarding both Plaintiffs would be presented if the cases were prosecuted separately. Other facts, such as a difference in the amount and type of damages, are not a barrier to consolidation. It is well-settled that difference in damages is not an impediment to consolidation or joinder. *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. 237, 239 (E.D.Va. 1999). In regards to the law, all of the claims asserted by Plaintiffs involve the same sections of the FCRA, and all of the legal defenses asserted by Trans Union in these cases are identical. (Lopez, Jr., Doc. 23, Trans Union Ans., ¶¶

79-85); (Lopez, Sr., Doc. 20, Trans Union Ans., ¶¶ 117-124)

## Argument

The Consolidated Amended Complaint alleges that Trans Union has a long history of consumer complaint and lawsuits alleging (and establishing) that it unreasonably mixed the credit files and information of one consumer with the credit reports of another consumer. This mixed file problem is caused by the Defendant's overly broad matching criteria used to sort credit data into a Trans Union credit file. In this instance, Trans Union combined or mixed the credit files of the Plaintiffs – a father and son – even though their names were not entirely the same, their dates of birth were thirty years apart, they live in different counties, their social security numbers were different and they were regularly identified with their generational tag. And even after Plaintiffs disputed the information within their credit files, Trans Union largely refused to delete the inaccurate information within their credit files and continued to combine their credit files. Based on the foregoing conduct, Plaintiffs allege on an individual basis that Trans Union violated: (1) 15 U.S.C. § 1682e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of their credit reports and the credit files it published and maintained concerning the Plaintiffs; and (2) 15 U.S.C. § 1681i(a) on multiple occasions by failing to conduct a reasonable investigation to determine whether the disputed was inaccurate, by failing to provide to the furnishers of the information all relevant information regarding the disputes, by failing to review and consider all relevant information regarding Plaintiffs' disputes, and by failing to promptly delete the disputed inaccurate information.

In addition to the common facts that comprise Trans Union's alleged violation of 15 U.S.C. § 1682e(b) and 15 U.S.C. § 1681i(a), the Amended Consolidated Complaint alleges class

action claims. The class claims alleged involve common questions of fact and law relating to the material facts in both cases; therefore, judicial economy is best served by consolidating these matters.

The only significant difference among the cases is that Plaintiffs may have different actual damages. Despite this potential difference in damages, consolidation is nonetheless proper. Whether it is for the purpose of resuming discovery and other pretrial matters, or whether it includes a trial on one or all issues, these cases meet the requirements for consolidation under Rule 42. While facts concerning actual damages are jury issues, the risk of confusion based on the amount of actual damages suffered by an individual plaintiff is not a concern that outweighs the judicial economy of consolidation.  As this court explained in *In re Orbital Sciences Corp. Sec. Litig.*, 188 F.R.D. at 239, the "fact and amount of their damages may differ does not pose a disabling risk of prejudice or confusion because separate claims for payment could be processed if liability were found."  If liability is found as against Trans Union, the trial structure is capable of accommodating evidence of differing damages and proper jury instructions can cure potential confusion.  *Id.*

Moreover, both of these cases are currently assigned to the Hon. Liam O'Grady. Thus, the Court is already well familiar with the overarching facts and legal issues presented in these cases. It is eminently practical that consolidation of discovery and pretrial proceedings, including most prominently time consuming and expensive depositions, document production and motions practice, would be more efficient if done by consolidation. Judicial resources would be greatly conserved by obviating what would surely be repetitive trials on the very same issues against the very same defendants. The conservation of resources, burden and costs would inure to the benefit of both parties as well as the court and the community.

## Conclusion

It is for these reasons that the Plaintiffs respectfully moves the court to consolidate these cases and enter a joint scheduling order that will provide for the orderly pretrial management and discovery in all of the cases and permit the earliest opportunity to try the cases on the merits.

Respectfully submitted,

**ALEJANDRO ABRAHAM LOPEZ, JR., and ALEJANDRO LOPEZ, SR.**

By_____/s/_____
Of Counsel

Leonard A. Bennett, Esq. (VSB #37523)
Susan Rotkis, Esq. (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, Esq. (VSB # 65434)
Janelle E. Mason, Esq. (VSB # 82389)
Casey S. Nash, Esq. (VSB # 84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:     (888) 892-3512
Email: matt@clalegal.com
Email: janelle@clalegal.com
Email: casey@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 - Telephone

(703) 591-9285 - Facsimile
E-mail:  kkelly@siplfirm.com
E-mail: aguzzo@siplfirm.com

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on this 27th day of February, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael R. Ward, VSB #41133
MORRIS & MORRIS, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA   23218
(804) 344-8300 – Telephone
(804) 344-8359 – Facsimile
mward@morrismorris.com
*Counsel for Trans Union LLC*

David N. Anthony, VSB #31696
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA   23219
(804) 697-5410 - Telephone
(804) 698-5118 – Facsimile
Email:  david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions, Inc.*

_____/s/_____
Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 - Telephone
(703) 591-9285 - Facsimile
E-mail:  kkelly@siplfirm.com
*Counsel for Plaintiff*

7