IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ALEJANDRO LOPEZ, SR.,

    *Plaintiff,*

v.

CIVIL ACTION NO. 1:12-cv-01325-LO-JFA

TRANS UNION, LLC,
    *Defendant*.

**BRIEF IN RESPONSE TO PLAINTIFFS' CONSENT MOTION
TO FILE AMENDED CLASS COMPLAINT**

Defendant Trans Union LLC ("Trans Union") files this Brief in Response to Plaintiffs' Consent Motion To File Amended Class Complaint and would respectfully show the Court as follows:

**I. SUMMARY**

While leave to amend should be liberally granted under Fed. R. Civ. P. 15, a well established exception to that proposition is when prejudice will result to the nonmovant. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 439 (4th Cir. 2011). Because Plaintiffs seek leave to assert class claims, Trans Union will be prejudiced unless a scheduling order is entered bifurcating discovery. The Court has discretion to establish a bifurcated discovery schedule to permit the phased discovery of class certification issues first and, after a ruling on class certification, class merits issues and individual claims second. The parties agree that discovery in this case would be accomplished more efficiently and within a reasonable schedule if discovery is bifurcated as set forth in the Joint Discovery Plan. Without bifurcated discovery, Trans Union will suffer undue prejudice as set forth below, and thus, cannot consent to Plaintiff's Motion for Leave to Amend.[1]

---

[1] Trans Union reserves the right to respond to any amended complaint, including the urging of any Fed. R. Civ. P. 12 defenses or motions and the urging of any motion to transfer venue pursuant to 28 U.S.C. §1404.

## II. FACTUAL BACKGROUND

Plaintiffs Alejandro Abraham Lopez, Jr. and Alejandro Lopez, Sr. (collectively, "Plaintiffs") filed lawsuits against Trans Union on August 16, 2012, and November 19, 2012, respectively. Together, Plaintiffs' two lawsuits included 25 defendants. Over the five and a half months from the filing of the original suit until this Court's Order setting the Pretrial Conference, Plaintiffs settled with and/or dismissed every defendant, except Trans Union. During that same period of time, Plaintiffs were able to use the pending lawsuits to engage in informal discovery and obtain documents and declarations from many of the settled and/or dismissed defendants. *See* Exhibits 1-12 to Plaintiffs' proposed Amended Class Complaint. On February 27, 2013, Plaintiffs sought leave of Court to add class action claims that will significantly change the character of this lawsuit by converting two single-plaintiff lawsuits into a putative class action.

Trans Union opposes Plaintiffs' attempt to add the class claims in the proposed Amended Class Complaint, unless the Court is inclined to grant the parties' joint request for a bifurcated discovery plan.[2] Bifurcating discovery would mitigate the undue burden and prejudice that Trans Union would experience in a single phase discovery plan. Thus, if Plaintiffs is given leave to assert the proposed class claims, for purposes of judicial economy and to ensure both parties have an equal opportunity to engage in discovery, Trans Union requests that the Court bifurcate discovery pursuant to the parties' Proposed Discovery Plan.

## III. ARGUMENT AND AUTHORITIES

The bifurcation of this lawsuit into two discovery phases is appropriate in this case because the parties agree that bifurcation would allow them to conduct discovery in a more efficient manner and within a reasonable schedule; there is precedent for bifurcation or limitation of discovery in the pre-certification stage in many jurisdictions, including this Court; the complexity of the lawsuit and

---

[2] Proposed Discovery Plan, Dckt. 59, filed Feb. 28, 2013.

the number of documents potentially involved will exponentially increase if Plaintiffs are given leave to assert class claims; bifurcation of discovery will promote judicial economy and conserve the parties' resources; and Trans Union will be unduly prejudiced without additional time to conduct pre-certification discovery.

A.      **Substantial Authority Supports Bifurcation of Discovery**

The bifurcation of discovery in a lawsuit alleging class claims has been implemented in cases in many jurisdictions. During the pre-certification stage of a putative class action, discovery is often limited to issues of certification so as not to place an undue burden on either party during the certification process. *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304-05 (D. Colo. 1998) ("[t]he discovery which is permitted should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant"); *see also* Ardrey v. United Parcel Serv., 798 F.2d 679, 684-85 (4th Cir. 1986) (limiting discovery before certification ruling); *Stewart v. Winter*, 669 F.2d 328, 332 (5th Cir. 1982) (noting that enforcing sweeping discovery prior to class certification constitutes undue burden upon defendants); *Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487 *9-10 (E.D.N.Y. May 27, 2010) (discovery limited to issues of certification during pre-certification stage of collective action under FLSA); *Montano v. Chao*, 2008 U.S. Dist. LEXIS 105047 *8-9 (D. Colo. Dec. 19, 2008) ("the permissible boundaries of discovery at the pre-certification stage … must relate to the Rule 23(a) requirements"); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 226 F.R.D. 492, 495 (M.D. Pa. 2005) (during the pre-certification stage, relevant discovery is limited to "a class certification issue" under Fed. R. Civ. P. 23).

Discovery on the merits does not need to be completed prior to class certification. *NOW, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) (citing

3

*Cutner v. Atlantic Richfield Co.*, 16 Fair Empl. Prac. Cas. 743 (E.D. Pa. 1977)); *see also Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2007 U.S. Dist. LEXIS 37642 *9-10 (S.D.N.Y. May 24, 2007) ("pre-certification on the merits of the class claims is generally inappropriate"); *Sloan v. C.C. Collings & Co.*, 1986 U.S. Dist. LEXIS 22525 *5-9 (E.D. Pa. July 21, 1986) (discovery related to the merits of the suit should not be allowed prior to the pre-certification issue).

In addition, there is precedent for bifurcation in the Alexandria Division of the Eastern District of Virginia as well. *Sanchez v. Lasership, Inc.*, Civil Action No.: 1:12-cv-00246, Dckt. #18, 19, 21 (E.D. Va.) (Lee, J.) (the Court accepted the parties proposed discovery plan allowing for two phases of discovery); *Houston v. URS Corporation*, Civil Action No.: 1:08-cv-01310, Dckt. #107 (E.D. Va.) (O'Grady, J.) (the Court bifurcated discovery and issued a second scheduling order with a new discovery deadline after class certification was granted).

**B.  Complexity of Lawsuit and Volume of Discovery Will Exponentially Increase If Class Claims Are Asserted**

If Plaintiffs are granted leave to amend and assert class claims against Trans Union, the complexity of the lawsuit and the amount of documents and data involved will exponentially increase. As currently constituted, Plaintiffs' two single-plaintiff lawsuits will require relatively simple document production and a few depositions. However, discovery in class action lawsuits is more complicated for obvious reasons. In addition to the increase in amount of documents and data involved, if the class claims are added, Trans Union anticipates that the number of depositions needed in this case will more than double and it will be necessary to present expert testimony relating to the class claims that would not otherwise be required in single-plaintiff lawsuits.

**C.  Bifurcating Discovery Will Promote Judicial Economy and Preserve the Parties' Resources**

Trans Union anticipates that the Court will deny Plaintiffs' motion to certify the proposed class. However, if a class is certified, the nature of discovery will change significantly. While

phase one of discovery will focus on class certification issues, phase two will (if a class is certified) concern the class-wide liability and damages issues. Because the two phases involve separate issues, it will promote judicial economy and conserve resources to focus only on phase one discovery before making a determination on the viability of the proposed class. If a class is not certified, subsequent discovery relating to Plaintiffs' individual claims could be completed expeditiously.

**D.      Trans Union Will Be Prejudiced Without Additional Time to Conduct Discovery on Plaintiffs' Proposed Class Claims**

Plaintiffs have been engaged in informal discovery since the lawsuit was filed. Under the threat of litigation, many of the original defendants cooperated with Plaintiffs and their counsel and signed declarations detailing their interactions with Trans Union. Because Trans Union did not have such leverage, it could not engage in the same type of informal discovery.

Without bifurcated discovery, Trans Union will face the burden of conducting discovery on all issues related to both the proposed class claims and Plaintiffs' individual claims in a very short period of time. Without additional time for discovery, Trans Union will be prejudiced as Plaintiffs have effectively enjoyed a seven month head start. To ameliorate this prejudice, Trans Union requests that the Court establish a bifurcated discovery plan.

## IV. CONCLUSION

For the reasons stated above, Trans Union respectfully requests that the Court deny Plaintiffs' Motion for Leave to File Their First Amended Class Complaint in its entirety, or alternatively, that the Court grant the parties' request for bifurcated discovery.

Respectfully submitted,

/s/
Michael R. Ward
Virginia bar number 41133
Attorney for Trans Union LLC
Morris & Morris, P.C.
11 S. 12th Street, 5th Floor
P.O. Box 30
Richmond, VA 23218
Phone: 804-344-8300
Fax: 804-344-8359
mward@morrismorris.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of March, 2013, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

| | |
|---|---|
| Kristi Cahoon Kelly<br>kkelly@siplfirm.com<br>Surovell, Isaacs, Petersen & Levy, PLC<br>4010 University Dr., Second Floor<br>Fairfax, VA  22030 | Casey Shannon Nash<br>casey@clalegal.com<br>Janelle Elene Mason<br>Janelle@clalegal.com<br>Consumer Litigation Assoc PC<br>1800 Diagonal Rd., Suite 600<br>Alexandria, VA 22314 |

Leonard Anthony Bennett
lenbennett@cox.net
Susan Mary Rotkis
srotkis@clalegal.com
Consumer Litigation Assoc PC
763 J Clyde Morris Blvd., Suite 1A
Newport News, VA 23601

                                              /s/
                                              Michael R. Ward
                                              Virginia bar number 41133
                                              Attorney for Trans Union LLC
                                              Morris & Morris, P.C.
                                              P.O. Box 30
                                              Richmond, VA 23218
                                              Telephone: (804) 344-8300
                                              Facsimile: (804) 344-8359
                                              mward@morrismorris.com